**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**GREENBELT DIVISION**

| | |
|---|---|
| The Door, *et al.*,<br><br>Plaintiffs,<br><br>vs.<br><br>Joseph B. Edlow, *et al.*,<br><br>Defendants. | Case No. 8:26-cv-04326-BAH |

**PLAINTIFFS' MOTION TO SET BRIEFING SCHEDULE AND EXTEND TEMPORARY RESTRAINING ORDER**

On Friday, October 30, the Court granted a motion for temporary restraining order brought by Plaintiffs The Door, Amica Center for Immigrant Rights, Florence Immigrant and Refugee Rights Project, Galveston-Houston Immigrant Representation Project, Immigrant Defenders Law Center, and Jewish Family and Community Services (collectively, "Plaintiffs") against Defendants United States Citizenship and Immigration Services ("USCIS"); Joseph B. Edlow, in his official capacity as Director of USCIS; United States Department of Homeland Security; Markwayne Mullin, in his official capacity as Secretary of Homeland Security; Executive Office for Immigration Review ("EOIR"); Sirce C. Owen, in her official capacity as Acting Director of EOIR; United States Department of Justice; and Todd Blanche, in his official capacity as Attorney General (collectively, "Defendants").

Counsel for Plaintiffs have attempted to confer with counsel for Defendants to set a mutually agreeable briefing schedule for Plaintiffs' forthcoming motion for a preliminary

injunction. Defendants have neither agreed to Plaintiffs' proposed schedules nor proposed an alternative, stating instead that they would prefer to wait to "see how the motion for reconsideration will play out before agreeing to [a] briefing schedule." Decl. of Sara Haji ("Haji Decl."), Ex. A. Plaintiffs therefore move the Court to set a briefing schedule for Plaintiffs' forthcoming motion for a preliminary injunction and to extend the Court's Order Granting Plaintiffs' Motion for a Temporary Restraining Order ("TRO") (ECF 54) until the Court issues its decision on the preliminary injunction motion.

## I. BACKGROUND

On October 15, 2026, Plaintiffs filed a Complaint asserting six causes of action against Defendants. ECF 1. On October 19, 2026, Plaintiffs moved the Court for a stay under the Administrative Procedure Act and for a Temporary Restraining Order on four of the six causes of action. ECF 23. With full briefing before it, the Court issued a stay and TRO on October 30, 2026. ECF 54. The Court stayed USCIS's policies of providing less than 21 days' notice of asylum interviews to unaccompanied children and their counsel and of requiring exceptional circumstances to reschedule an asylum interview. It required Defendants to generate written notice at least 21 days prior to a scheduled asylum interview and to allow applicants to reschedule their asylum interviews once as a matter of course and again for good cause. *Id.* at 20.

On November 2, 2026, Defendants submitted a status report indicating that on October 31, 2026, USCIS had sent implementing guidance via email directing all Asylum Division staff to immediately comply with the language of the Order. ECF 56. Also on November 2, Plaintiffs attempted to confer with counsel for Defendants about a proposed schedule for Plaintiffs' forthcoming motion for preliminary injunction. Declaration of Sara Haji ("Haji Decl."), Ex. A.

Counsel for Defendants replied that the proposed dates sounded reasonable, but they would need to respond the following day after finding out "who will be taking the helm on this matter." *Id.*

Defendants did not respond on November 3. Instead, on November 3, Defendants filed a Motion for Reconsideration with new evidence in an attempt to relitigate the initial TRO. ECF 57. The same day, the Court issued a letter order (ECF 58) scheduling a conference for November 5 to address differences in Defendants' original and revised status reports (ECF 55, 56) and discuss Defendants' compliance with the TRO. Having received no response regarding their proposed briefing schedule, Plaintiffs' counsel proposed a revised briefing schedule to account for Defendants' pending Motion for Reconsideration, the upcoming conference, and Plaintiffs' forthcoming motion for expedited discovery. Haji Decl., Ex. A. The revised schedule proposed that Plaintiffs file their motion for a preliminary injunction no later than November 12. *Id.* Defendants' counsel responded that "Defendants want to see how the motion for reconsideration will play out before agreeing to a briefing schedule." *Id.*

Since the Court issued its Order granting the TRO, counsel for Plaintiffs have received nearly a dozen requests for assistance from legal service providers seeking to reschedule their clients' asylum interviews. Haji Decl. ¶ 3. These legal service providers have received conflicting messaging about USCIS's position on, or compliance with, the TRO from asylum officers in Los Angeles, Chicago, Newark, Tampa, and Boston. *Id.* at ¶ 4. Plaintiffs intend to file a Notice of Noncompliance describing some of these instances in advance of the Thursday, November 5 conference.

Without further action from the Court, the TRO will expire at 12:00 pm ET on Friday, November 13, 2026. *See* ECF 54 at 20.

## II. THE COURT SHOULD ADOPT PLAINTIFFS' PROPOSED SCHEDULE

Plaintiffs respectfully request the Court set following schedule for their forthcoming Motion for Preliminary Injunction:

- Plaintiffs will file the Motion for Preliminary Injunction by Thursday, November 12;
- Defendants will file their Opposition by Monday, November 23;
- Plaintiffs will file their Reply by Monday, November 30; and
- The Court will set a hearing at its earliest convenience thereafter.

This schedule accounts for pending and forthcoming motions that affect Plaintiffs' evidence in support of their motion and the scope of the preliminary injunction they seek. Plaintiffs intend to move for a preliminary injunction on all six of their causes of action, including a claim against EOIR and a procedural due process claim against USCIS. While preparing their moving papers, however, Plaintiffs have also repeatedly had to demand updates from Defendants regarding their compliance with the TRO, share specific instances of noncompliance, and ask that certain asylum offices be instructed to comply with the TRO. Plaintiffs have also fielded numerous requests from immigration practitioners for assistance enforcing the TRO in their clients' cases. Haji Decl. ¶¶ 3–5. At the same time, Defendants have moved for reconsideration of the TRO, offering evidence and making new arguments to which Plaintiffs expect to respond.[1]

Plaintiffs' proposed schedule also allows Defendants sufficient time to prepare their opposition to the forthcoming preliminary injunction motion. Defendants have been aware of

---

[1] Unless the Court would like the Parties to separately brief Defendants' pending Motion for Reconsideration, Plaintiffs plan to respond to the Motion for Reconsideration as part of their moving brief seeking a preliminary injunction. Plaintiffs therefore request a 35-page limit for the moving and opposition papers on the preliminary injunction motion and a 20-page limit on reply. Defendants have taken no position on these proposed page limits. Haji Decl., Ex. A.

Plaintiffs' allegations since October 15 and their arguments in support of a stay and TRO since October 19. They will additionally have 11 days to respond to arguments on two causes of action; the remaining arguments will largely overlap with those in Plaintiffs' TRO Motion. Plaintiffs will then prepare reply briefing by November 30 so the Court has full, thorough briefing on Plaintiffs' motion by the end of the month.

## III. GOOD CAUSE EXISTS TO EXTEND THE TRO PENDING DECISION ON A PRELIMINARY INJUNCTION MOTION

Under Federal Rule of Civil Procedure 65(b)(2), a TRO expires at the time "that the court sets, unless before that time the court, for good cause, extends it for a like period or the adverse party consents to a longer extension." Good cause exists where "the grounds for originally granting the [TRO] continue to exist," where the court needs additional time "fully to consider the parties' arguments and motions," or "where the moving party needs additional time to prepare and present its preliminary injunction." *Maryland v. Noem et al.*, No. 26-cv-00733 (BAH), 2026 Slip Op. (D. Md. Mar. 19, 2026) (cleaned up) (quoting *Costa v. Bazron*, No. CV 19-3185 (RDM), 2020 WL 2410502 at *2 (D.D.C. May 11, 2020)). All three good-cause circumstances apply here.

*First*, the grounds for originally granting the TRO continue to exist. As set forth in Plaintiffs' motion seeking the TRO, Plaintiffs and the children they represent are likely to suffer irreparable injury resulting from Defendants' failure to provide adequate notice of asylum interviews and denying interviewees meaningful representation. Indeed, the Court has already found that absent injunctive relief, Plaintiffs face "a dire confluence of circumstances that prevent the meaningful representation of highly vulnerable children moving through the immigration system, which harms both Plaintiffs' core mission and the interests of their young

clients." ECF 54 at 15. Moreover, the Court found that this harm cannot be cured by later remedial action. *Id* at 16.

*Second*, the Court may benefit from additional time fully to consider the Parties' arguments in light of the various other filings. In addition to Defendants' challenges complying with the TRO to date, their pending Motion for Reconsideration and Plaintiffs' anticipated motion for limited expedited discovery will require the Court's attention in the coming weeks. A reasonable TRO extension for a "like period" allows the Court adequate time to consider the additional evidence Plaintiffs intend to submit in support of their motion for preliminary injunction.

*Third*, Plaintiffs and their counsel are preparing their motion while triaging and addressing inquiries from immigration practitioners who are not receiving the relief this Court ordered on October 30. Today alone, counsel for Plaintiffs received six accounts of USCIS noncompliance. Haji Decl. ¶ 5. Appropriately addressing these inquiries in the coming days will require time from counsel and Plaintiffs alike and constitutes good cause for an extension of the TRO.

Finally, extending the TRO until the Court rules on the preliminary injunction serves the TRO's "underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing." *Maryland v. Noem*, No. 26-cv-00733 (BAH), 2026 Slip Op. at *3 (D. Md. Mar. 19, 2026) (quoting *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Loc. No. 70 of Alameda Cnty.*, 415 U.S. 423, 439 (1974)); *PFLAG Inc. v. Trump*, No. 25-cv-00337 (BAH), Paperless Order Granting Motion to Extend Temporary Restraining Order, ECF No. 109 (D. Md. Feb. 26, 2025); *City of Columbus v. Kennedy*, 796 F. Supp. 3d 123, 175 (D. Md. 2025) ("This Court finds that the appropriate course of action here is

to temporarily stay the challenged provisions—that is, to postpone its effective date—under 5 U.S.C. § 705 pending a final resolution in this matter. Under § 705, when 'justice so requires' and "to the extent necessary to prevent irreparable injury," a reviewing court may 'issue all necessary and appropriate process to postpone the effective date of an agency action or to preserve status or rights pending conclusion of the review proceedings.'").

## IV. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court adopt Plaintiffs' proposed briefing schedule on the forthcoming motion for preliminary injunction and extend the Temporary Restraining Order until the Court rules on that preliminary injunction motion.

Dated: November 4, 2026

Respectfully submitted,

TRIAL IMPACT PROJECT

/s/*Sara Haji*
Sara Haji, *pro hac vice*
Marjorie J. Menza, *pro hac vice*
523 W. 6th Street, Suite 450
Los Angeles, CA 90014
Telephone: (213) 542-5241
shaji@trialimpact.org
mmenza@trialimpact.org

NATIONAL IMMIGRATION LAW CENTER

*/s/ Kevin Siegel*
Kevin Siegel, *pro hac vice*
Farah Khan
P.O. Box 34573
Washington, DC 20043
Telephone: (202) 216-0261
Fax: (202) 216-0266
siegel@nilc.org
khan@nilc.org

CENTER FOR GENDER & REFUGEE STUDIES

*/s/ Melissa Crow*
Melissa Crow (Bar No. 15622)
1901 Pennsylvania Avenue, NW
Suite 900, PMB 228
Washington, DC 20006
Telephone: (202) 355-4471
crowmelissa@uclawsf.edu

*/s/ Robert Pauw*
Robert Pauw, *pro hac vice* motion pending
c/o Gibbs Houston Pauw
1000 Second Avenue, Suite 1600
Seattle, WA 98104
Telephone: (206) 682-1080
rpauw@ghp-law.net

NATIONAL IMMIGRATION LAW CENTER

*/s/Lynn Damiano Pearson*
Lynn Damiano Pearson, *pro hac vice*
Hannah K. Comstock, *pro hac vice*

NATIONAL CENTER
FOR YOUTH LAW

*/s/ Mishan Wroe*
Mishan Wroe, *pro hac vice*
Diane de Gramont, *pro hac vice*
Neha Desai, *pro hac vice*
428 13th Street, Floor 5
Oakland, CA 94612
Telephone: 510.920.8098
mwroe@youthlaw.org
ddegramont@youthlaw.org
ndesai@youthlaw.org

3450 Wilshire Blvd. #108 – 62
Los Angeles, CA 90010
Telephone: (213) 639-3900
Fax: (213) 639-3911
damianopearson@nilc.org
Comstock@nilc.org