**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**
**GREENBELT DIVISION**

The Door, *et al.*,

Plaintiffs,

vs.

Joseph B. Edlow, *et al.*,

Defendants.

Case No. 26-CV-04326-BAH

**PLAINTIFFS' NOTICE OF DEFENDANT USCIS'S NONCOMPLIANCE WITH TEMPORARY RESTRAINING ORDER AND REQUEST FOR RELIEF**

On October 30, 2026, this Court issued a Temporary Restraining Order directing Defendants to reinstate two longstanding USCIS policies: first, "USCIS's policy of generating written notice at least 21 days prior to a scheduled asylum interview and promptly sending such notice to applicants and their counsel"; and second, "USCIS's prior policy of allowing applicants to reschedule their asylum interviews once as a matter of course and again for good cause," taking several factors into account. ECF 54 at 20–21. The Court also directed Defendants to file a status report within 48 hours "describing all steps Defendants have taken to comply with this order." *Id.* at 21.

On Monday, November 2, the USCIS website still displayed a banner with an alert notifying asylum applicants that the agency requires "exceptional circumstances" to reschedule interviews (the "Exceptional Circumstances Policy"). Plaintiffs' counsel notified Defendants that this violated the TRO, informing them at the same time that their 48-hour deadline to file a

status report detailing compliance had lapsed. *See* ECF 60-3 (email correspondence). Defendants then submitted two different status reports without explanation. *See* ECF 55, 56. The initial status report indicated that USCIS is "assessing a number of its public-facing websites to determine whether references to the Court's Order are appropriate." ECF 55. The second status report was silent on that issue. *See* ECF 56.

It was not until November 3—four days after the Court issued the TRO—that Defendants updated the guidance on the USCIS website. The most prominent guidance on the Asylum main page limits the scope of the TRO, stating, at the bottom of several paragraphs outlining the Exceptional Circumstances Policy, that the "alert currently does not apply to interviews scheduled for asylum applications filed by [unaccompanied children] due to [the Court's October 30 Order]." *See* USCIS, *Asylum*, https://www.uscis.gov/humanitarian/refugees-and-asylum/asylum (last accessed Nov. 4, 2026 at 11:58 pm EST).

# Asylum

**ALERT: Updated Interview Rescheduling Procedures for Affirmative Asylum Interviews**

See less

Starting Aug. 21, 2026, you must establish exceptional circumstances for USCIS to reschedule your asylum interview.

Additionally, we will no longer issue a Failure to Appear Warning notice after a missed interview. If you maintain a lawful basis to remain in the United States and you fail to appear for your interview without submitting a request to reschedule, either before your interview date or within 10 calendar days after your missed interview date, we may dismiss your asylum application. If you do not maintain a lawful basis to remain in the United States, we may refer your case to an immigration judge.

Note: If you are a parolee who fails to appear for your asylum interview, USCIS will make a determination as to whether the purposes of parole have been served and determine, on a case-by-case basis, whether to terminate your parole and refer your case to an immigration judge.

Information about rescheduling an asylum interview and establishing exceptional circumstances is available on the Establishing Exceptional Circumstances for Rescheduling Affirmative Asylum Interviews webpage.

This alert currently does not apply to interviews scheduled for asylum applications filed by unaccompanied alien children (UACs) due to the October 30, 2026 order issued by the U.S. District Court for the District of Maryland in *The Door, et al. v. Edlow, et al.*, 8:26-cv-04326-BAH (D. Md.). While USCIS strongly disagrees with this order and is assessing next steps, USCIS must comply with the order.

Defendant USCIS's delays, followed by their varying status reports and ambiguous public-facing updates, have caused confusion and concrete harm to legal service providers and their child clients in recent days. In the last day alone, Plaintiffs and their counsel have received at least eight reports that Defendant USCIS's Asylum Offices are not complying with the Order. Among them:

- An attorney in Boston, Massachusetts attempted to reschedule his client's November 2 interview—including by emailing USCIS staff a copy of the TRO the day before the interview and handing them a physical copy of the TRO on the day of the interview—and was told that only headquarters could reschedule an interview. The interview went forward over the attorney's objection. *See* Ex. 2.
- An attorney in Bethpage, New York attempted to reschedule an interview on November 2 and found that no USCIS staff—including the supervisors—were aware of the TRO. The child client's online status now reads "Failure to Appear" after the interview did not go forward. *See* Ex. 3.
- An attorney in Tampa, Florida who has four asylum interviews scheduled for the morning of November 5 and one scheduled for November 6 submitted multiple requests to reschedule the interviews, citing this Court's Order. *See* Ex. 4. When the attorney reached out to the USCIS contact center, it responded that the request would be subject to the "exceptional circumstances" standard. *Id.*
- An attorney and his client in Omaha, Nebraska were forced to proceed with an asylum interview on November 4, despite the attorney's repeated requests to reschedule pursuant to this Court's Order. The attorney who appeared at the interview was covering for the child's primary attorney, who unexpectedly had to

attend a family member's funeral on the same day as the interview. On November 2, the primary attorney requested rescheduling, citing the TRO, and USCIS responded that the request would be evaluated for exceptional circumstances. *See* Ex. 5. The day of the scheduled interview, the substitute attorney appeared in person with his client and handed a paper copy of the TRO to the USCIS officer, who conferred with two supervisors and informed the attorney that USCIS could not issue a decision on the reschedule request. *Id.* Faced with the possibility of a "failure to appear" finding, the client chose to go forward with the interview, but unbeknownst to the client and the attorney, USCIS emailed the primary attorney during the interview, admitted that the prior denial was in error, and agreed to reschedule the interview to comply with this Court's Order. *Id.*

- An attorney in Chicago, Illinois asked USCIS on November 3 to reschedule multiple interviews based on this Court's Order, but USCIS only responded to one request. On November 4, USCIS initially said it would evaluate the reschedule request under the "exceptional circumstances" standard, but changed course after counsel for Plaintiffs notified Defendants of the TRO violation. Ex. 6. The attorney has not received a response to any other reschedule request. *Id.*
- An attorney from Plaintiff Immigrant Defenders Law Center in Los Angeles, California received a message in response to a reschedule request on November 4, stating that the exceptional circumstances standard still applied to reschedule requests. *See* Ex. 7.

Plaintiffs' counsel has contacted Defendants' counsel about some of these issues, but the piecemeal approach to compliance and enforcement is unsustainable. On the morning of November 4, Plaintiffs' counsel alerted Defendants' counsel to issues in the Chicago, Newark, and Boston Asylum Offices. Ex. 1. Defendants' counsel responded that the above-mentioned incident in Chicago was "an unfortunate oversight" that was being remedied there and at "all asylum offices," but did not address the issues arising out of the Newark or Boston offices. *See id.* Plaintiffs' counsel requested copies of the initial and follow-up communications from Defendant USCIS to their nationwide offices to ensure compliance with the TRO, but as of the time of filing, Defendants have not provided these communications. *Id.* Plaintiffs' counsel also notified Defendants of violations at the Tampa Office (Ex. 8), and Defendants' counsel responded with compliance updates moments before this filing.

These violations have immediate and irreparable consequences for legal service providers and the unaccompanied children they represent. Plaintiffs understand the Court will address Defendants' efforts to comply with the TRO at the status conference and also respectfully request that the Court require Defendants to (1) disclose the instructions Defendants have sent to asylum offices since October 30, 2026 directing them to comply with the TRO; (2) provide a list of all asylum interviews for which an initial rescheduling request after 12 p.m. EDT on October 30, 2020, was denied and/or for which a subsequent rescheduling request was not evaluated under the "good cause" standard; (3) instruct asylum offices to rescind any failure-to-appear notices that resulted from USCIS's failure to comply with the TRO to date and reschedule the interview; (4) instruct asylum officers to rescind any referrals that resulted from USCIS's failure to comply with the TRO to date and reschedule the interview; and (5) provide status updates every 48 hours through the duration of the TRO to ensure continued compliance.

Dated: November 4, 2026

Respectfully submitted,

TRIAL IMPACT PROJECT

/s/*Sara Haji*
Sara Haji, *pro hac vice*
Marjorie J. Menza, *pro hac vice*
523 W. 6th Street, Suite 450
Los Angeles, CA 90014
Telephone: (213) 542-5241
shaji@trialimpact.org
mmenza@trialimpact.org

NATIONAL IMMIGRATION LAW CENTER

*/s/ Kevin Siegel*
Kevin Siegel, *pro hac vice*
P.O. Box 34573
Washington, DC 20043
Telephone: (202) 216-0261
Fax: (202) 216-0266
siegel@nilc.org
khan@nilc.org

NATIONAL CENTER FOR YOUTH LAW

*/s/ Mishan Wroe*
Mishan Wroe, *pro hac vice*
Diane de Gramont, *pro hac vice*
Neha Desai, *pro hac vice*
428 13th Street, Floor 5
Oakland, CA 94612
Telephone: 510.920.8098
mwroe@youthlaw.org
ddegramont@youthlaw.org
ndesai@youthlaw.org

CENTER FOR GENDER & REFUGEE STUDIES

*/s/ Melissa Crow*
Melissa Crow (Bar No. 15622)
1901 Pennsylvania Avenue, NW
Suite 900, PMB 228
Washington, DC 20006
Telephone: (202) 355-4471
crowmelissa@uclawsf.edu

*/s/ Robert Pauw*
Robert Pauw, *pro hac vice* motion pending
c/o Gibbs Houston Pauw
1000 Second Avenue, Suite 1600
Seattle, WA 98104
Telephone: (206) 682-1080
rpauw@ghp-law.net

NATIONAL IMMIGRATION LAW CENTER

*/s/Lynn Damiano Pearson*
Lynn Damiano Pearson, *pro hac vice*
Hannah K. Comstock, *pro hac vice*
3450 Wilshire Blvd. #108 – 62
Los Angeles, CA 90010
Telephone: (213) 639-3900
Fax: (213) 639-3911
damianopearson@nilc.org
Comstock@nilc.org