**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| THE DOOR ET AL., | * | |
| Plaintiffs, | * | |
| v. | * | Civil No. 26-4326-BAH |
| JOSEPH B. EDLOW ET AL., | * | |
| Defendants. | * | |

* * * * * * * * * * * * *

**ORDER**

On November 5, 2026, the Court held a status hearing in this case regarding the state of compliance with the temporary restraining order ("TRO"), ECF 54, Defendants' motion for reconsideration of the TRO, ECF 57, and to set a briefing schedule for currently pending and upcoming motions. The Court also considered Plaintiffs' motion to extend the TRO pending the adjudication of the impending motion for a preliminary injunction. ECF 60. Defendants consent to a briefing schedule proposed by Plaintiffs, but oppose the request to extend the TRO.

The Court finds that there is good cause to extend the TRO until the Court issues a decision on the forthcoming motion for a preliminary injunction. The record contains extensive reports of noncompliance with the TRO. *See* ECF 61. Based on those reports and Defendants' account of their compliance efforts stated on the record at the November 5 hearing, the Court finds that there has been noncompliance with the TRO from the date of its issuance, October 30, 2026, through November 4, 2026, and likely continuing through November 5, 2026. A restrained party's noncompliance with court orders may form a basis for finding good cause to extend the TRO. *See, e.g.*, *Nat'l Urban League v. Ross*, Civ. No. 20-CV-05799-LHK, 2020 WL 5578931, at *7–8 (N.D.

Cal. Sep. 17, 2020) (finding good cause to extend a TRO following a "hearing on allegations of Defendants' potential non-compliance with the TRO" and determining that Defendants' violation of a court order to produce an administrative record supported a finding of good cause to extend the TRO).

In addition to Defendants' noncompliance, the Court finds that good cause is supported by the need to accommodate the interlocking briefing schedules outlined below for several motions, including the motion for reconsideration filed by Defendants themselves and a contested motion seeking limited discovery. *See Does 1-14 v. NorthShore Univ. HealthSystem*, No. 21-cv-05683, 2021 WL 5119751, at *1 (N.D. Ill. Nov. 1, 2021) (finding good cause to extend a TRO beyond 14 days where "the Court [ ] provided additional time for briefing on the pending preliminary injunction motion at the request of Counsel for Defendant")[1]; *Planned Parenthood Great Northwest, Haw., Alaska, Ind., and Ky., Inc. v. Cameron*, No. 3:22-cv-198-RGJ, 2022 WL 1698085, at *3 (W.D Ky. May 26, 2022) (extending a TRO "for good cause shown and in order to consider the impending briefing"); *Boyko v. Kondratiev*, No. CV-23-01186-PHX-DLR, 2023 WL 5017198, at *4 (D. Ariz. July 14, 2023) (ordering that "for good cause, the Court extends the duration of the TRO . . . to accommodate the briefing and hearing schedule").

Further, extending the TRO will conserve the parties' resources in the event the Court grants the forthcoming motion for a preliminary injunction since, as the record from the November

[1] The court in *Does 1-14* also found that "[t]he 14-day limitation of Fed. R. Civ. P. 65(b)(2) [did] not apply to [its TRO], because [the order wa]s entered with notice to Defendant." *Does 1-14*, 2021 WL 5119751, at *1. The same is true here and thus there may be no need for additional findings to justify the modest extension provided by this Order. However, as in *Does 1-14*, the Court finds that "if that limitation were applicable, [there is] good cause for extending the duration of this Order because the Court has provided additional time for briefing" on multiple pending motions, including the motion for reconsideration filed by Defendants. *Id.*

5 hearing reflects, Defendants failed to comply with this TRO in the first instance and Plaintiffs, and the Court, expended resources to address this noncompliance. An interruption in adherence to the TRO's requirements would likely necessitate further efforts on the part of Defendants to come back into compliance in the event the preliminary injunction is granted.

Therefore, for the foregoing reasons and the reasons stated on the record in the November 5 hearing, it is this 6th day of November, 2026, ORDERED that:

(1) For good cause shown, the TRO located at ECF 54, is EXTENDED until the Court issues a decision on the forthcoming motion for a preliminary injunction;

(2) The parties are DIRECTED that by 5:00 p.m. on November 6, 2026, they must submit a joint filing outlining the steps Defendants will take to remedy their noncompliance with the TRO during the period from its issuance on October 30, 2026, to November 5, 2026, at 5:00 p.m.;

(3) Defendants are DIRECTED to submit a status report within 48 hours from this Order's issuance, and every 48 hours for the duration of this TRO (unless the Court orders otherwise), detailing the steps they have taken to comply with the TRO's requirements;

(4) The briefing schedule for Plaintiffs' forthcoming motion for limited discovery is as follows:

**Deadlines:**

| | |
|---|---|
| November 9, 2026: | Motion for limited discovery outlining in detail what discovery is requested and providing authority for granting limited discovery in advance of a motion seeking a PI |
| November 16, 2026: | Response to motion for discovery |
| November 18, 2026: | Reply in support of motion for discovery |

(5) The combined briefing schedule for Defendants' motion for reconsideration, ECF 57, and Plaintiffs' forthcoming motion for a preliminary injunction is as follows:

**Deadlines:**

| | |
|---|---|
| November 12, 2026: | Combined motion for preliminary injunction and response to motion for reconsideration |
| November 23, 2026: | Combined response to preliminary injunction and reply in support of motion for reconsideration |
| November 30, 2026: | Reply in support of preliminary injunction |

(6) Both parties are permitted a five-page extension on the briefing page limit for the combined briefing schedule outlined at (5) above;

(7) Plaintiffs' motion to set a briefing schedule and extend the TRO, ECF 60, is accordingly GRANTED; AND

(8) The Court will contact the parties to schedule a hearing on the motion for a preliminary injunction.

/s/
Brendan A. Hurson
United States District Judge