**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| THE DOOR, *et al.*<br><br>Plaintiffs,<br><br>v.<br><br>JOSEPH B. EDLOW, Director,<br>USCIS, *et al.*<br><br>Defendants. | Civil Action No. 8:26-cv-04326-BAH |

**[PROPOSED] ORDER REGARDING DEFENDANTS' NONCOMPLIANCE**

As the Court ordered at the November 5, 2026 status conference, and pursuant to the Court's subsequent November 6, 2026 Order (ECF 63), the Parties were required to confer and attempt to reach agreement on a joint proposal addressing the steps Defendant USCIS would take to remedy its noncompliance with the Court's Temporary Restraining Order ("TRO") dated October 30, 2026 (ECF 54). The Parties were unable to reach agreement, and each side submitted a proposal. Having considered the Parties' proposals, **the Court ORDERS as follows:**

***

To remedy Defendant USCIS's non-compliance with the TRO from 12:00 p.m. on October 30, 2026, through 5:00 p.m. on November 5, 2026 (the "TRO Noncompliance Period"):

1. If an unaccompanied child ("UC") received a failure to appear because of a denial of, or lack of response to, a reschedule request made consistent with the TRO, including constructive denials where USCIS refused to make a decision before the interview, USCIS will immediately vacate the failure to appear and contact the affected UC and their counsel to offer a new interview date.

2. If a UC proceeded with an interview after their reschedule request was denied in violation of the TRO, USCIS will offer a new interview. If USCIS issued a referral on an interview held in violation of the TRO during the TRO Noncompliance Period, it will rescind that referral.

3. USCIS will ensure its asylum offices provide a timely response by phone or by email, within 24 hours whenever possible, to requests to reschedule interviews of UCs under the TRO. If an attorney requests to reschedule on the day of the interview, asylum officers will be instructed to grant the request if eligible under the TRO.

4. USCIS has been instructed to collect data for all UCs who requested that their interviews be rescheduled for the first time as of right or subsequently for good cause and whose requests were either denied or not responded to during the TRO Noncompliance Period. USCIS will provide this data to each relevant asylum office by November 10 and direct the office to promptly reach out to reschedule interviews of affected UCs, including but not limited to those Plaintiffs identify through their own compilation of affected clients and non-clients.

5. USCIS will create an email address to process these and other remedy requests, as well as future noncompliance notifications, from Plaintiffs or others affected by the TRO, and publish that email address on its website.

6. The Status Reports that Defendants are required to provide pursuant to the Court's November 5, 2026 Order (ECF 63) shall include an anonymized list of noncompliance notifications received during the period covered by each Status Report and how such noncompliance has been addressed.

Dated: ____________________ __________________________

Hon. Brendan Hurson
United States District Judge