# UNITED STATES DISTRICT COURT
# DISTRICT OF MARYLAND

CHAMBERS OF
BRENDAN A. HURSON
UNITED STATES DISTRICT JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-0782
MDD_BAHChambers@mdd.uscourts.gov

November 9, 2026

LETTER TO ALL COUNSEL OF RECORD

Re: *The Door et al. v. Edlow et al.*
Civil No. 26-4326-BAH

Dear Counsel:

The Court has reviewed the status reports filed by the parties on Friday, November 6, 2026. See ECF 65 (Plaintiffs); ECF 64 (Defendants). The purpose of the status reports was to address Defendants' non-compliance with the Temporary Restraining Order ("TRO") issued on October 30, 2026, *see* ECF 54, and the Court assumes familiarity with that Order.

The Court first notes that Defendants' status report proposes that once USCIS has identified denials of continuance requests for interviews that were conducted despite a request for a continuance that should have been granted by the express terms of the TRO, it may choose not to reschedule an interview. Defendants propose that "[i]f [United States Citizenship and Immigration Services ("USCIS")] identifies any [such] cases, and the reschedule request was grantable, USCIS will evaluate the record, including whether the eligibility claim(s) on the Form I-589 establish a prima facie case for a grant of asylum, and determine whether there is a reasonable possibility that providing an additional interview would change the result of USCIS's adjudication." ECF 64, at 2 ¶ 4. Only after this inquiry reflects that child seeking asylum has made out a prima facie case does USCIS suggest it "will issue a notice rescheduling the asylum interview." *Id.*

This proposed remedy for past non-compliance does not comport with the TRO, which aimed to return the scheduling practices of asylum interviews for unaccompanied minors to the status quo ante, meaning *before* the changes to the scheduling practices outlined in the motion for a TRO. As such, the Court will not adopt it and notes that its proposed remedy for non-compliance must permit any interview that went forward despite an eligible request for a continuance to be rescheduled regardless of whether USCIS believes that the asylum seeker presents a prima facie case for a grant of asylum. In other words, the Court will adopt the proposed language included in Plaintiffs' status report as it related to request to reschedule interviews. *See* ECF 65-3, at 1–2 ¶¶ 1–2.

Plaintiffs also propose that "USCIS will create an email address to process these and other remedy requests, as well as future noncompliance notifications, from Plaintiffs or others affected by the TRO, and publish that email address on its website." *Id.* at 2 ¶ 5. Given Defendants' apparent inability to abide by the terms of the TRO, this suggestion strikes the Court as a suitable remedy. However, the Court will allow counsel for **Defendants until 3:00 pm today**

**to note any objection to the feasibility of this proposed remedy or to provide an alternative means for those affected by its non-compliance with the TRO.** Defendants should also address Plaintiffs' contention that "[m]ultiple attorneys informed Plaintiffs' counsel that they were told by USCIS that they had to wait for a written decision on their rescheduling request in the mail, even when the interview was imminent." ECF 65, at 2 ¶ 11. Specifically, Defendants must address whether this practice is a departure from the ordinary practice prior to the change in the scheduling policy, and if so, how this new practice comports with the TRO. Defendants should also address Plaintiffs' suggestion that status reports monitoring Defendants' compliance with the TRO "shall include an anonymized list of noncompliance notifications received during the period covered by each Status Report and how such noncompliance has been addressed." ECF 65-3, at 2 ¶ 6. The Court notes that while it likely would have rejected this request as unnecessary and unduly burdensome had it been suggested soon after the issuance of the TRO, allegations of continued non-compliance with the TRO by Defendants make it, or a similar provision, necessary to assure compliance.

The Court also observes that Defendants' proposed status report directs Plaintiffs to send "USCIS the client names, A numbers, and asylum office for their clients who requested rescheduling between noon October 30, 2026, and 5:00 p.m. on November 5, 2026, and whose requests were not responded to, denied for lack of exceptional circumstances, or otherwise not acted on in accordance with this TRO." ECF 64, at 2 ¶ 6. **Plaintiffs' are to respond by 3:00 p.m. today as to whether compliance with this suggestion is feasible or to provide an alternative.**

The Court also notes that given the continued non-compliance outlined in Plaintiffs' submission, see ECF 65, at 2 ¶ 11, the Court will likely extend the time period to be addressed by the proposed remedy from noon on October 30, 2026, through today, and will require Defendants to continually monitor non-compliance.

Despite the informal nature of this letter, it is an Order of the Court and shall be docketed as such.

Sincerely,

/s/

Brendan A. Hurson
United States District Judge