**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| THE DOOR ET AL., | * | |
| Plaintiffs, | * | |
| v. | * | Civil No. 26-4326-BAH |
| JOSEPH B. EDLOW ET AL., | * | |
| Defendants. | * | |

* * * * * * * * * * * * *

**ORDER**

On October 30, 2026, the Court granted a motion seeking a Temporary Restraining Order ("TRO") to halt newly instituted practices related to the scheduling and re-scheduling of interviews of unaccompanied children seeking asylum in the United States. ECF 54.[1] On November 5, 2026, Plaintiffs filed a motion and a notice with the Court, each supported by numerous sworn affidavits, reflecting non-compliance with the TRO. *See* ECF 60-1 at 3; ECF 60-2; ECF 61, at 3–5; ECFs 61-2–61-6; ECF 61-8. For example, one affiant provided a sworn declaration attesting that attorneys for children seeking asylum were "receiving mixed messages from [Defendant U.S. Citizenship and Immigration Services ("USCIS")] regarding its position on or compliance with the Court's TRO, from officers in Los Angeles, Chicago, Newark, Tampa Bay, and Boston." ECF 60-2, at 2 ¶ 4. Other attorneys noted that attempts to reschedule interviews were unsuccessful despite the clear mandate of the TRO requiring Defendants to permit rescheduling in the manner it had before the abrupt change in policy and/or practice. ECF 61, at 3–4. Indeed, the Court itself

[1] The TRO issued at noon on October 30, 2026, *see* ECF 54, and the Court assumes familiarity with that Order.

received a telephone call from an immigration attorney indicating that she faced difficulties rescheduling an asylum interview even after presenting a copy of the TRO to the USCIS official responsible for rescheduling the interview. ECF 58, at 1.

On November 5, 2026, the Court held a status conference to address the non-compliance and to attempt to craft an agreed-upon remedy for children whose asylum interviews were impacted by the non-compliance. ECF 62. Following a discussion of the alleged non-compliance, the Court entered an Order extending the TRO due to Defendants' non-compliance as well as to accommodate a briefing schedule on a forthcoming motion for a preliminary injunction. ECF 63. The Court also ordered that the parties submit a joint filing "outlining the steps Defendants will take to remedy their noncompliance with the TRO during the period from its issuance on October 30, 2026, to November 5, 2026, at 5:00 p.m." *Id.* at 3.

The Court is in receipt of two status reports filed by the parties on Friday, November 6, 2026. *See* ECF 65 (Plaintiffs); ECF 64 (Defendants). Following its review of the status reports, the Court directed the parties to provide additional information regarding the portions of their proposed remedies on which they disagreed. ECF 66.[2] The Court has reviewed the parties' responses, *see* ECF 67 (Plaintiffs); ECF 68 (Defendants), and has done its best to craft a remedy for the non-compliance that incorporates the suggestions of all parties.

Accordingly, it is this 10th day of November, 2026, **ORDERED** that, in order to remedy Defendants' non-compliance with the TRO:

(1) USCIS will review failure to appeal notices issued between the time of the issuance of the TRO on October 30, 2026, at 12:00 p.m. EDT, which the Court will refer to as noon

[2] Though not reflected on the docket, Defendants requested, and were granted, additional time to provide their proposed remedies.

throughout this order, and the close of business on November 9, 2026. If an unaccompanied child ("UC") received a failure to appear because of a denial of, or lack of response to, a reschedule request made consistent with the TRO, including constructive denials where USCIS refused to make a decision before the interview, USCIS will immediately vacate the failure to appear and contact the affected UC and their counsel to offer a new interview date;

(2) If a UC proceeded with an interview after their reschedule request was denied in violation of the TRO, USCIS will offer a new interview. USCIS will review referral notices issued between the time of the issuance of the TRO at noon on October 30, 2026, and the close of business on November 9, 2026. If USCIS issued a referral on an interview held in violation of the TRO during the TRO Noncompliance Period, it will rescind that referral;

(3) USCIS will update internal guidance and template notices to help ensure compliance with this TRO. USCIS will provide additional instructions to asylum office staff with updated guidance and procedures consistent with the TRO. USCIS will update templated language in reschedule notices to ensure compliance with this TRO;

(4) USCIS will ensure its asylum offices provide a timely response by phone or by email, within 24 hours whenever possible, to requests to reschedule interviews of UCs under the TRO. If an attorney requests to reschedule on the day of the interview, asylum officers will be instructed to grant the request if eligible under the TRO;

(5) To aid in the timely adjudication of rescheduling requests pursuant to the TRO, UCs may contact the asylum office's public email inboxes for any issues with rescheduling their asylum interview. Individuals monitoring those email addresses are aware of the requirements of the TRO and will prioritize those requests. **USCIS will also provide this**

**contact information on the website containing the "Updated Interview Rescheduling Procedures for Affirmative Asylum Interviews"[3] along with instructions on how to submit rescheduling requests pursuant to the TRO to these email addresses.** The email addresses are as follows:

| | |
|---|---|
| Arlington: | ArlingtonAsylum@uscis.dhs.gov |
| Atlanta: | Atlanta-Asylum@uscis.dhs.gov |
| Boston: | Bostonasylumoffice@uscis.dhs.gov |
| Chicago: | Chicago.Asylum@uscis.dhs.gov |
| Houston: | Houston.Asylum@uscis.dhs.gov |
| Los Angeles: | LosAngelesAsylum@uscis.dhs.gov |
| Miami: | Miami.Asylum@uscis.dhs.gov |
| New Orleans: | Neworleans.asylum@uscis.dhs.gov |
| New York: | NewYork.Asylum@uscis.dhs.gov |
| Newark: | NewarkAsylumOfficeMailbox@uscis.dhs.gov |
| San Francisco: | SanFranciscoAsylum@uscis.dhs.gov |
| Tampa Bay: | Tampa-Asylum@uscis.dhs.gov |

(6) Plaintiffs will send USCIS the client names, A numbers, and asylum office for their clients who requested rescheduling between noon October 30, 2026, and close of business on November 9, 2026, and whose requests were not responded to, denied for lack of exceptional circumstances, or otherwise not acted on in accordance with this TRO. USCIS will provide this list to each relevant asylum office and direct the office to adjudicate the reschedule requests pursuant to the terms of this TRO;

[3] This website, which already contains information about the TRO, is currently found at https://www.uscis.gov/humanitarian/refugees-and-asylum/asylum (last visited November 9, 2026). Plaintiffs suggested that Defendants "create an email address to process these and other remedy requests, as well as future noncompliance notifications, from Plaintiffs or others affected by the TRO, and publish that email address on its website." ECF 65-3, at 2 ¶ 5. Defendants proposed that, "as an alternative to creating one centralized email address . . . asylum applicants reach out to the pre-established asylum office's public email inboxes for any issues with rescheduling their asylum interview," provided the specific email addresses, and promised that "[i]ndividuals monitoring those email addresses are aware of the requirements of the TRO and are prioritizing those requests." ECF 68, at 3 ¶ 2. The Court accepts this alternative proposal.

(7) USCIS will compile a list of all UCs who, between noon on October 30, 2026, and the close of business on November 9, 2026, requested that their asylum interview be rescheduled and whose requests either did not receive a response or were denied in violation of the TRO. USCIS will provide this data to each relevant asylum office by November 17 and direct the office to promptly reach out to reschedule interviews of affected UCs, including but not limited to those Plaintiffs identify through their own compilation of affected clients and non-clients; AND

(8) The Status Reports that Defendants are required to provide pursuant to the Court's November 5, 2026 Order, ECF 63, shall include an anonymized list of non-compliance notifications received during the period covered by each Status Report and how such non-compliance has been addressed.

Brendan A. Hurson
United States District Judge