**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**
**GREENBELT DIVISION**

| | |
|---|---|
| The Door, *et al.*,<br><br>*Plaintiffs,*<br>vs.<br><br>Joseph B. Edlow, *et al.*,<br><br>*Defendants.* | Case No. 8:26-cv-04326-BAH |

## NOTICE OF MOTION FOR PRELIMINARY INJUNCTION AND STAY

Plaintiffs, through counsel, move this Court for a preliminary injunction under Federal Rule of Civil Procedure 65(a) and a stay under Section 705 of the Administrative Procedure Act, as set forth below and for the reasons set forth in the accompanying Memorandum of Points and Authorities in Support of Plaintiffs' Motion for Preliminary Injunction and Stay. Plaintiffs, who are legal service providers across the country, seek to prevent irreparable harm to themselves and their unaccompanied child clients by staying policies implemented by Defendants United States Citizenship and Immigration Services ("USCIS"), the Department of Homeland Security ("DHS"), the Executive Office for Immigration Review ("EOIR"), and the Department of Justice ("DOJ") that restrict Plaintiffs from meaningfully representing their clients in their asylum proceedings and prevent Plaintiffs' unaccompanied child clients from accessing protections guaranteed by the William Wilberforce Trafficking Victims Protection Reauthorization Act ("TVPRA") and the Immigration and Nationality Act ("INA").

Defendants have enacted three policies that have unlawfully upset the status quo regarding unaccompanied children, in violation of the Administrative Procedure Act and the Due Process Clause of the Fifth Amendment. Defendants USCIS and DHS have (1) cut the 21-day notice they have long provided before an asylum interview to as little as 24 hours for unaccompanied children

(the “Inadequate Notice Policy”), and (2) replaced their longstanding rescheduling rule—once as of right, and thereafter for good cause—with an “exceptional circumstances” standard that is virtually impossible to meet (the “Exceptional Circumstances Policy”). As a result, Plaintiffs and their unaccompanied child clients are deprived of the time necessary to prepare for the interview, submit supplemental evidence, brief complex legal issues, and prepare testimony about the traumatic experiences that led the children to flee their home countries.

In addition, Defendants EOIR and DOJ have (3) instructed immigration judges to complete all detained unaccompanied children's removal cases by a date certain on or before January 31, 2027 (the “Detained Docket Deadline”). Defendants' policy has compressed the timeline for unaccompanied children's immigration hearings, affording Plaintiffs and their child clients little-to-no time to prepare for an adversarial proceeding that risks unaccompanied children's wrongful removal back to harm, abuse, or death.

The requested relief is warranted because Plaintiffs are likely to show Defendants' policies are arbitrary and capricious and contrary to law in violation of the Administrative Procedure Act, and that they violate the Due Process Clause. Defendants' policies are causing Plaintiffs and their child clients irreparable injury, and the balance of hardships and the public interest both favor restoring the status quo.

WHEREFORE, Plaintiffs request that the Court enter an Order:

1. Extending the stay granted on October 30, 2026, and extended on November 6, 2026, until final judgment in this matter;
2. Enjoining Defendants USCIS and DHS from denying unaccompanied children rights and benefits conferred under the INA, as amended by the TVPRA, and the Due Process Clause of the Fifth Amendment to the United States Constitution;
3. Staying EOIR's Detained Docket Deadline under 5 U.S.C. § 705; and

4. Requiring Defendants to update internal guidance and template notices to help ensure compliance with the Preliminary Injunction, provide timely responses to rescheduling requests, and provide regular status reports describing steps taken to comply with the Preliminary Injunction.

Dated: November 12, 2026

Respectfully submitted,


TRIAL IMPACT PROJECT

/s/ Sara Haji
Sara Haji, *pro hac vice*
Marjorie J. Menza, *pro hac vice*
523 W. 6th Street, Suite 450
Los Angeles, CA 90014
Telephone: (213) 542-5241
shaji@trialimpact.org
mmenza@trialimpact.org

NATIONAL IMMIGRATION LAW CENTER

/s/ Kevin Siegel
Kevin Siegel, *pro hac vice*
P.O. Box 34573
Washington, DC 20043
Telephone: (202) 216-0261
Fax: (202) 216-0266
siegel@nilc.org

NATIONAL CENTER FOR YOUTH LAW

/s/ Mishan Wroe
Mishan Wroe, *pro hac vice*
Diane de Gramont, *pro hac vice*
Neha Desai, *pro hac vice*
428 13th Street, Floor 5
Oakland, CA 94612
Telephone: 510.920.8098
mwroe@youthlaw.org
ddegramont@youthlaw.org
ndesai@youthlaw.org

CENTER FOR GENDER & REFUGEE STUDIES

/s/ Melissa Crow
Melissa Crow (Bar No. 15622)
1901 Pennsylvania Avenue, NW
Suite 900, PMB 228
Washington, DC 20006
Telephone: (202) 355-4471
crowmelissa@uclawsf.edu

/s/ Robert Pauw
Robert Pauw, *pro hac vice* motion pending
c/o Gibbs Houston Pauw
1000 Second Avenue, Suite 1600
Seattle, WA 98104
Telephone: (206) 682-1080
rpauw@ghp-law.net

NATIONAL IMMIGRATION LAW CENTER

/s/Lynn Damiano Pearson
Lynn Damiano Pearson, *pro hac vice*
Hannah K. Comstock, *pro hac vice*
3450 Wilshire Blvd. #108 – 62
Los Angeles, CA 90010
Telephone: (213) 639-3900
Fax: (213) 639-3911
damianopearson@nilc.org
Comstock@nilc.org