**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| THE DOOR ET AL., | * | |
| Plaintiffs, | * | |
| v. | * | Civil No. 26-4326-BAH |
| JOSEPH B. EDLOW ET AL., | * | |
| Defendants. | * | |

* * * * * * * * * * * * *

# ORDER

On November 10, 2026, the Court issued an order at ECF 70 (the "Remedial Order") to address well-documented failures by Defendants to abide by the Temporary Restraining Order ("TRO") at ECF 54.[1] The Court has reviewed the status report filed yesterday by Defendants summarizing their compliance with the requirements of the Remedial Order. *See* ECF 73. Other than the two issues noted below, the Court approves the status report. However, Defendants must file an additional status report by 5:00 p.m. today addressing non-compliance with two aspects of the Remedial Order that were not explained in the status report.

First, the status report wholly ignores the requirement that USCIS publish the addresses for certain public email inboxes to ensure that asylum-seekers affected by Defendants' non-compliance can swiftly report it. *See* ECF 70, at 3–4 ¶ 5. That requirement was difficult to miss since it was laid out in bold text in the remedial order and was specifically tailored to meet Defendants' own suggestion. *See id.* at 4 n.3. Given that USCIS was able to promptly update the

[1] The TRO issued at noon on October 30, 2026, *see* ECF 54, and the Court assumes familiarity with that Order.

relevant website to reflect the existence of the TRO,[2] the Court is unclear why the site has not been updated to accord with the Remedial Order. Defendants should respond to this order with an explanation of why this portion of the Remedial Order has not been implemented, why the status report failed to address the email address posting requirement, and when the website will be updated to include the listed email addresses.[3]

The status report also failed to provide "an anonymized list of non-compliance notifications received during the period covered by each Status Report and how such non-compliance has been addressed." *Id.* at 5 ¶ 8. While it noted that "USCIS is compiling" this list, ECF 73, at 3 ¶ 9, it failed to explain why it was not timely provided or when it will be provided. As such, Defendants should also respond to this order with more detail as to when this report will be provided.

Accordingly, it is this 13th day of November, 2026, **ORDERED** that Defendants shall file another status report by the close of business today, November 13, 2026, addressing the issues noted above.

Brendan A. Hurson
United States District Judge

[2] *See* https://www.uscis.gov/humanitarian/refugees-and-asylum/asylum (last visited November 13, 2026, at 1:00 p.m.).

[3] In the alternative, if the parties are in agreement that Defendants are in compliance with the TRO and that those affected by past non-compliance have had their asylum interviews rescheduled such that the publishing of the email addresses is no longer necessary, the parties may so advise the Court by a joint submission and the Court will revise the Remedial Order.