# UNITED STATES DISTRICT COURT
# DISTRICT OF MARYLAND
# GREENBELT DIVISION

| | |
|---|---|
| The Door, *et al.*,<br><br>Plaintiffs,<br>vs.<br><br>Joseph B. Edlow, *et al.*,<br><br>Defendants. | Case No. 26-CV-04326-BAH |

## PLAINTIFFS' RESPONSE TO DEFENDANTS' NOVEMBER 16 STATUS REPORT

This Court issued a Temporary Restraining Order on October 30, 2026, ordering Defendant USCIS to, among other things, "[r]einstate USCIS's prior policy of allowing applicants to reschedule their asylum interviews once as a matter of course and again for good cause[.]" ECF 54 at 20-21[1].

After receiving multiple reports from practitioners of Defendant USCIS's failure to comply with the TRO, Plaintiffs' Counsel filed a Notice of Noncompliance on November 5, 2026, in advance of a status hearing scheduled that same day. *See* ECF 61. Based on the evidence submitted by Plaintiffs and USCIS's representations during the status hearing on November 5, the Court issued an order on November 6, 2026, finding "extensive" record evidence of USCIS's "noncompliance with the TRO," and ordering USCIS to submit a status report "detailing the steps they have taken to comply with the TRO's requirements" every 48 hours pending expiration of the TRO. ECF 63 at 1, 3 (citing ECF 61).

[1] All ECF citations are to the internal ECF pagination unless otherwise stated.

Following briefing from both parties on a suitable proposed remedy for Defendants' noncompliance, the Court issued two more orders on November 9 (ECF 66) and November 10, 2026 (ECF 70), found continued noncompliance with the TRO by Defendants, and ordered Defendants to, among other things, do the following to remedy their noncompliance with the TRO:

- vacate Failure to Appear notices issued in violation of the TRO
- update all internal guidance, template notices, and templated language in reschedule notices to ensure compliance with the TRO,
- ensure asylum offices respond by phone or by email "within 24 hours whenever possible" to reschedule requests made consistent with the TRO,
- grant requests if an attorney requests to reschedule on the day of the interview if consistent with the TRO,
- update USCIS webpages to instruct unaccompanied children to contact their asylum office's public email inbox for issues with rescheduling interviews and with instructions on how to submit rescheduling requests, and
- ensure that individuals monitoring those email addresses are aware of and will prioritize requests made under the TRO.

ECF 70 at 2-5.

Defendants provided regularly-scheduled Status Reports on November 9 and 12, and an additional Status Report on November 13 pursuant to another Court order issued on November 13, 2026. Defendants' most recent Status Report was filed on November 16, 2026. These reports have described, in general terms, USCIS's efforts to provide public notice of the TRO and to correct instances of noncompliance that had already occurred. *See* ECF 68, 73, 76, 79. Defendants informed the Court that "[a]sylum offices have updated all template email response language for [UC] reschedule requests to remove 'exceptional circumstances' language and include language from the TRO," ECF 73 ¶ 2; ECF 68 ¶ 1, and that USCIS would "remove the

failure to appear from its case management system" for unaccompanied children who received a Failure to Appear due to a denial or lack of response to a reschedule request that was grantable under the TRO, and that USCIS would "offer a new interview date" to such applicants. ECF 73 ¶ 5.

## I. USCIS's Continued Non-Compliance with This Court's TRO

Despite the Court's multiple orders and Defendants' representations in their Status Reports, Plaintiffs' counsel has continued to receive reports of ongoing TRO violations by Defendant USCIS. Plaintiffs' counsel has contacted Defendants' counsel about these issues, sending multiple emails between November 7 and November 17, 2026 in which Plaintiffs' counsel provided spreadsheets documenting applicants who had reported non-compliance with the TRO. Plaintiffs' counsel included in these spreadsheets applicants' names, A numbers, and attorney contact information. *See* Ex. 1 (de Gramont Decl.) & Attachments A, B. Plaintiffs have heard from some attorneys that USCIS is beginning to remedy examples of noncompliance flagged in Plaintiffs' spreadsheets, however Plaintiffs continue to receive new reports of non-compliance. *See* Ex. 1(de Gramont Decl.) ¶¶ 10-12.

### A. Email Responses from Multiple Asylum Offices Continued to Cite the "Exceptional Circumstances" Standard for Rescheduling Interviews After November 9

Despite Defendants' representation on November 9, 2026, that "[a]sylum offices have updated all template email response language" to comply with the TRO, ECF 68 ¶ 1, multiple attorneys have reported receiving non-compliant email responses after November 9, including as recently as Friday, November 13.

Multiple attorneys report problems with the New York Asylum Office ("NYAO") in particular. Attorneys who made requests to reschedule under the TRO or requests to vacate improper failures to appear received automatic responses from the NYAO on November 10, 12, and 13, 2026 with language instructing applicants and their counsel that rescheduling an

interview requires them to establish "exceptional circumstances" and that the NYAO does not process inquiries directly but that all inquiries should instead "be directed to USCIS' online tools or the USCIS Contact Center[.]" *See* Ex. 1 (de Gramont Decl.) & Attachment C; Ex. 2 (Hamill Decl.) ¶ 7 & Attachment B; Ex. 3 (Koszeg Decl.) ¶ 8 & Attachment A; This email response does not mention the TRO or provide any further instructions for unaccompanied children. *Id*.

Similar template responses have also been reported from the Tampa Asylum Office. On November 10, 2026, an attorney received an email from the Tampa Asylum Office in response to a reschedule request made consistent with the TRO stating, in relevant part, "[e]ffective August 21, 2026, you must establish exceptional circumstances for USCIS to reschedule an affirmative asylum interview. To request a reschedule of an asylum interview, contact the USCIS Contact Center at 800-375-5283 (TTY: 800-767-1833)." Ex. 2 (Hamill Decl.) ¶6 & Attachment A. The email made no mention of this Court's TRO. This response appeared to be new; the attorney did not receive it in reply to earlier requests on November 6, 2026**.** *See id.* ¶ 6. On November 14, the same attorney did receive another automatic response from the Tampa Asylum Office that included language regarding reschedule requests for unaccompanied children pursuant to the TRO. Despite including this language, however, the template email still indicates that inquiries must go to the USCIS Contact Center. *See id*. ¶ 8 & Attachment C.

Plaintiffs' counsel flagged the issue of non-compliant email responses with Defendants' counsel on November 12, 2026, and November 13, 2026, and requested Defendants clarify their prior representations regarding email templates in their status report, but have not received a response. *See* Ex. 1 (de Gramont Decl.) ¶¶ 8-9 & Attachment B.

### B. Asylum Offices continue to issue Failure to Appear status updates to unaccompanied child applicants who requested interview rescheduling consistent with the TRO

Numerous attorneys have reported that their clients received "Failure to Appear" status updates despite making rescheduling requests consistent with the TRO, including for interviews scheduled as recently as November 10, 2026.

- On November 12, 2026, Plaintiffs' counsel emailed Defendants' counsel to report that two asylum applicants received Failure to Appear status updates after the Court's November 10 order despite (1) making requests to reschedule under the TRO prior to the interview; (2) appearing in person with counsel at the asylum office on the dates of the interviews on November 9 and November 10 and (3) choosing not to go forward with the interview after USCIS indicated the interview would be rescheduled consistent with the TRO. *See* Ex. 1 (de Gramont Decl.) ¶ 8 & Attachment B. Plaintiffs' counsel followed up on November 13 and requested Defendants address these erroneous failures to appear in their status report. *See id.* ¶ 9 & Attachment B. As of November 17, 2026, Plaintiffs' counsel learned from the affected attorneys that these Failure to Appear notices were vacated and their clients' asylum interviews were rescheduled. Plaintiffs have yet to receive a response from Defendants as to why these applicants were initially documented as Failure to Appear. *See id.* ¶ 10.
- On November 16, 2026, Plaintiffs' counsel received an email reporting a Failure to Appear status update issued under similar circumstances after the attorney requested rescheduling as of right under the TRO by email, mail, and in-person on the morning of November 10, 2026 and was assured of compliance with the TRO. *See* Ex. 1 (de Gramont Decl.) ¶ 11 & Attachments B, D.

These recent Failure to Appear case updates are in addition to prior Failure to Appear case updates, including:

- An attorney with The Door appeared at the NYAO on November 4, 2026 to request that their client's interview be rescheduled consistent with the TRO. An officer said she would

"consult a supervisor" about the request. On November 5, 2026, the Online Case Status for this applicant indicated a Failure to Appear. ECF 74-8 ¶ 6.

- An attorney contacted the Chicago Asylum Office on November 5, 2026 by email to reschedule an interview for an unaccompanied child applicant on November 9, 2026. The next day, on November 6, 2026, the Chicago Asylum Office responded and noted that the request "has been forwarded to management for consideration." Without any further communications denying or approving the reschedule request, the applicant's Online Case Status was updated to indicate Failure to Appear at their interview. ECF 74-17 ¶ 14.
- Another attorney submitted a first reschedule request with the NYAO on October 31, 2026 for an interview scheduled on November 2, 2026. After receiving no response, the attorney appeared at the NYAO on November 2, 2026, reiterated the reschedule request under the TRO, and was told that the request would be considered in accordance with law and court orders. However, instead of rescheduling the interview, USCIS updated the applicant's Online Case Status to show a Failure to Appear. *See* Ex. 3 (Koszeg Decl.) ¶¶ 4-6. Plaintiffs' counsel raised this case with Defendants on November 7, 2026. *See* Ex. 1 (de Gramont Decl.) ¶ 5. After the attorney emailed the NYAO on November 12, 2026 with a copy of this Court's November 10, 2026 order seeking to vacate the Failure to Appear finding, she received an automated response, citing the "exceptional circumstances" standard. It was not until after 4:00pm ET on November 16, 2026 that the status was finally changed to "Request to Reschedule Was Received." *See* Ex. 3 (Koszeg Decl.) ¶ 9 & Attachment A.

Despite ongoing communications with Defendants' Counsel about many of these issues, and despite Defendants' representations in their Status Reports, such violations continue and Defendants have not provided an explanation for persistent non-compliance. *See* ECF 68, 73, 76 79. Defendants most recently filed a Status Report on November 16, 2026 that states that "Defendants have rescheduled interviews in 16 cases identified by Plaintiffs" but does not clarify how many cases still need to be rescheduled. ECF 79 ¶ 2. Defendants indicate that guidance was

issued to the asylum offices "requiring them to compile a list of all [UC] reschedule requests received between October 30, 2026 and November 9, 2026, and the action taken on those requests." *Id* ¶ 1. Plaintiffs' counsel previously requested copies of USCIS's initial and follow-up communications to its nationwide offices to ensure TRO compliance, but none have been provided as of this filing. *See* ECF 61-1. Although Defendants have remedied violations in some cases identified by Plaintiffs, Plaintiffs are concerned that USCIS is not ensuring proactive compliance with the TRO.

Plaintiffs now respectfully request that the Court: (1) extend the timeframes of all directives previously issued in the Court's Remedial Order (ECF 70) from an end date of November 9, 2026 to the duration of the temporary restraining order; (2) require USCIS to show what steps they have taken or will take to prospectively ensure compliance with the TRO and the Remedial Order, including steps to affirmatively inform all unaccompanied child asylum applicants that interviews can be rescheduled once as of right and again for good cause; (3) require Defendants to produce all initial and follow-up communications USCIS has sent to asylum offices nationwide since October 30, 2026 regarding compliance with the TRO and the November 10, 2026 order; (4) clarify that an initial TRO-consistent reschedule request made as of right is deemed granted, and that the unaccompanied child applicant and counsel need not appear on the interview date if they have received no response by then.

Dated: November 17, 2026

Respectfully submitted,

NATIONAL IMMIGRATION LAW CENTER

/s/Lynn Damiano Pearson
Lynn Damiano Pearson, *pro hac vice*
Hannah K. Comstock, *pro hac vice*
3450 Wilshire Blvd. #108 – 62
Los Angeles, CA 90010
Telephone: (213) 639-3900

CENTER FOR GENDER & REFUGEE STUDIES

/s/ Melissa Crow
Melissa Crow (Bar No. 15622)
1901 Pennsylvania Avenue, NW
Suite 900, PMB 228
Washington, DC 20006
Telephone: (202) 355-4471

Fax: (213) 639-3911
damianopearson@nilc.org
Comstock@nilc.org

/s/ Kevin Siegel
Kevin Siegel, *pro hac vice*
Farah Khan (Bar No. 32643)
P.O. Box 34573
Washington, DC 20043
Telephone: (202) 216-0261
Fax: (202) 216-0266
siegel@nilc.org
khan@nilc.org

TRIAL IMPACT PROJECT

/s/ Sara Haji
Sara Haji, *pro hac vice*
Marjorie J. Menza, *pro hac vice*
523 W. 6th Street, Suite 450
Los Angeles, CA 90014
Telephone: (213) 542-5241
shaji@trialimpact.org
mmenza@trialimpact.org

crowmelissa@uclawsf.edu

/s/ Robert Pauw
Robert Pauw, *pro hac vice*
c/o Gibbs Houston Pauw
1000 Second Avenue, Suite 1600
Seattle, WA 98104
Telephone: (206) 682-1080
rpauw@ghp-law.net

NATIONAL CENTER FOR
YOUTH LAW

/s/ Mishan Wroe
Mishan Wroe, *pro hac vice*
Diane de Gramont, *pro hac vice*
Neha Desai, *pro hac vice*
428 13th Street, Floor 5
Oakland, CA 94612
Telephone: 510.920.8098
mwroe@youthlaw.org
ddegramont@youthlaw.org
ndesai@youthlaw.org