IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| THE DOOR ET AL., | * | |
| Plaintiffs, | * | |
| v. | * | Civil No. 26-4326-BAH |
| JOSEPH B. EDLOW ET AL., | * | |
| Defendants. | * | |

* * * * * * * * * * * * *

## ORDER

On November 6, 2026, the Court entered a briefing schedule for several motions in this case. *See* ECF 63. The schedule was set following an in court status conference on November 5, 2026, *see* ECF 62, at which the parties discussed proposed deadlines and ultimately agreed on a schedule, ECF 63, at 1. Pursuant to this schedule Plaintiffs filed a motion for expedited discovery ("the motion") on November 9, 2026. ECF 69. Defendants' response was due on or before November 16, 2026, and Plaintiff's reply was due November 18, 2026. *See* ECF 63, at 3. Defendants' deadline to respond to the motion has passed, and they have not filed a response in opposition.[1] Plaintiffs filed a notice of non-opposition in lieu of a reply. ECF 82. Having chosen not to respond to Plaintiffs' motion seeking discovery, the Court considers the motion to be unopposed.

[1] Defendants have, however, filed other documents in the case since the schedule was set, including multiple status reports addressing alleged non-compliance with prior orders. *See, e.g.*, ECF 76 (filed on November 13, 2026); ECF 79 (filed on November 16, 2026); ECF 83 (filed on November 18, 2026).

The Court assumes familiarity with the factual and procedural background in this case, as laid out in prior orders.[2] However, since prior orders have not addressed the alleged policy implicated by the present motion, the Court will briefly provide additional factual background for context. Plaintiff brought the present suit to challenge several policies they claim that Defendants employ in the scheduling and adjudication of asylum claims brought by unaccompanied children.[3] ECF 1. Plaintiffs' general allegation is that these recently-enacted policies negatively impact the asylum applications of unaccompanied children. *Id.* Among the challenged policies is one that Plaintiffs term the "Detained Docket Deadline." *Id.* at 24 ¶ 81. Plaintiffs allege that under this policy immigration judges "are under orders to complete all detained unaccompanied children's removal cases by a date certain and are unable to schedule any hearing in any detained unaccompanied child's case after that date." *Id.* Plaintiffs contend that the specific deadline reported by immigration judges "varies from immigration court to immigration court, but it is invariably before January 31, 2027." *Id.* This alleged policy places unaccompanied children's asylum claims on an expedited timeline and, Plaintiffs contend in their complaint, "all but guarantee[s]" that unaccompanied children will be unable to meaningfully access the asylum process. *Id.* at 25 ¶ 82, at 25–26 ¶ 85.

Plaintiffs seek by the present motion to conduct limited expedited discovery in advance of the deadline for their reply brief in support of their pending motion for a preliminary injunction

[2] *See* ECF 54 (Temporary Restraining Order); ECF 63 (Order regarding non-compliance and briefing schedule).

[3] "Unaccompanied alien child" is a legal term of art defined at 6 U.S.C. § 279(g)(2). The statute defines an "unaccompanied alien child" as "a child who—(A) has no lawful immigration status in the United States; (B) has not attained 18 years of age; and (C) with respect to whom—(i) there is no parent or legal guardian in the United States; or (ii) no parent or legal guardian in the United States is available to provide care and physical custody." 6 U.S.C. § 279(g)(2). The Court will use the term "unaccompanied child" throughout this order to refer to noncitizen children falling within this statutory designation.

("PI"). ECF 69 (motion for expedited discovery); *see also* ECF 82, at 1–2 (explaining that "Plaintiffs proposed the November 25, 2026 production date to fit within the set briefing schedules, giving Defendants adequate time to produce the requested documents while making them available to Plaintiffs for their reply in support of the Motion for Preliminary Injunction and Stay."). Plaintiffs seek an order directing Defendant Executive Office for Immigration Review ("EOIR") to produce the administrative record for the Detained Docket Deadline, or in the alternative, requiring production of "all communications received by one or more immigration judges from January 1, 2026 to the present that convey, describe, or implement categorical guidance, instructions, or directives concerning the scheduling of unaccompanied child cases." ECF 69-2, at 2 (proposed order) (capitalization altered).

"Federal Rule of Civil Procedure 26(d) allows a court to order expedited discovery before the parties have engaged in the discovery conference mandated by Rule 26(f)." *ClearOne Advantage, LLC v. Kersen*, Civ. No. JKB-23-03446, 2024 WL 278917, at *1 (D. Md. Jan. 25, 2024) (citing *Courthouse News Serv. v. Harris*, Civ. No. ELH-22-548, 2022 WL 3577255, at *4 (D. Md. Aug. 18, 2022); *see also IOMAXIS, LLC v. Hurysch*, PJM-20-3612, 2022 WL 180734, at *4 (D. Md. Jan. 20, 2022) (stating that a court may "exercise its discretion under Rule 26 [to] direct the parties to engage in discovery on an expedited basis"). "Courts in this District have adopted a reasonableness standard in reviewing expedited discovery requests," which involves the Court "determining whether the request is supported by good cause, considering the totality of the circumstances." *Brightview Grp., LP v. Teeters*, Civ. No. SAG-19-2774, 2019 WL 11660174, at *1 (D. Md. Nov. 6, 2019) (citing *L'Occitane, Inc. v. Trans Source Logistics, Inc.*, Civ. No. WMN-09-2499, 2009 WL 3746690, at *2 (D. Md. Nov. 2, 2009)). The Court may consider seven non-exhaustive factors in its good cause determination:

> (1) whether a preliminary injunction motion is pending; (2) the breadth of the requested expedited discovery; (3) the proffered reasons for the expedited discovery; (4) the burden on the opponent to comply with the request for expedited discovery; (5) whether the evidence sought could be obtained more efficiently from some other source; (6) the extent to which the discovery process would be expedited; and (7) whether a motion to dismiss for failure to state a claim is pending.

*Abrego Garcia v. Noem*, 348 F.R.D. 589, 591 (D. Md. 2025) (citing *Courthouse News Serv.*, 2022 WL 3577255, at *4).[4]

The first factor weighs in favor of Plaintiffs' request, since Plaintiffs have filed a motion for a preliminary injunction that is currently pending. *See* ECF 74 (motion for preliminary injunction); *see also IOMAXIS, LLC*, 2022 WL 180734, at *4 ("Expedited discovery is particularly appropriate where a preliminary injunction is sought." (citing *Ciena Corp. v. Jarrard*, 203 F.3d 312, 324 (4th Cir. 2000); *Dan River, Inc. v. Unitex Ltd.*, 624 F.2d 1216, 1220 (4th Cir. 1980)); *Blades of Green, Inc. v. Go Green Lawn & Pest, LLC*, Civ. No. SAG-22-00176, 2022 WL 326473, at *10 (D. Md. Feb. 3, 2022) (same). The second factor also supports Plaintiffs' request, since Plaintiffs seek limited production—two requests, which essentially amount to a single request, with two options framed in the alternative—that addresses a policy they seek to enjoin in their

[4] At least one judge in this District has considered a set of four factors in making this determination:

> the procedural posture of the case; (2) whether the discovery at issue is narrowly tailored to obtain information that is probative to the preliminary injunction analysis; (3) whether the requesting party would be irreparably harmed by waiting until after the parties conduct their Rule 26(f) conference; and (4) whether the documents or information sought through discovery will be unavailable in the future or are subject to destruction.

*Mayor & City Council of Balt. v. Consumer Fin. Prot. Bureau*, 775 F. Supp. 3d 921, 944 (D. Md. 2025) (quoting *Chryso, Inc. v. Innovative Concrete Sols. of the Carolinas, LLC*, No. 5:15-CV-115-BR, 2015 WL 12600175, at *3 (E.D.N.C. June 30, 2015). Defendants have not weighed in on which test is appropriate, so the Court will use the seven-factor test Plaintiffs suggest. However, the Court notes that the outcome of its analysis would be the same under either test.

pending motion for a preliminary injunction. *See* ECF 69-2, at 2; *see also* ECF 74, at 2 (requesting a stay of the Detained Docket Deadline); *Brightview Grp., LP*, 2019 WL 11660174, at *1 ("Even where good cause exists, the discovery request must be 'narrowly tailored to obtain information relevant to a preliminary injunction determination.'" (quoting *L'Occitane, Inc.*, 2009 WL 3746690, at *2)).

As to the third factor, Plaintiffs contend that the requested information will directly bear on the pending preliminary injunction and aid the Court in its analysis of Plaintiffs' challenge to the Detained Docket Policy. *See* ECF 69, at 10 (arguing that the records Plaintiffs seek would "allow the Court to 'ascertain the contours of the precise policy at issue'" and also shed light on Defendants' decision-making process, if any (quoting *Hisp. Affs. Project v. Acosta*, 901 F.3d 378, 388 (D.C. Cir. 2018)). The Court finds that this factor also weighs in favor of granting the motion for expedited discovery, since the requested production would permit more fulsome analysis of the motion for a preliminary injunction and clarify a contested issue. *See All. for Retired Ams. v. Bessent*, Civ. No. 25-0313 (CKK), 2025 WL 1114350, at *4 (D.D.C. Mar. 20, 2025) (permitting expedited discovery "for the important and proper purpose of discerning the exact nature of the otherwise-opaque administrative action [plaintiffs] are challenging in this case"); *Reworld Sumter Indus., LLC v. VEP Environmental, LLC*, No. 4:25-cv-05128-JD, 2025 WL 2695014, at *16 (D.S.C. Sep. 19, 2025) (noting that "expedited discovery may be appropriate when necessary to prepare for a preliminary injunction hearing").

The fourth and fifth factors, which consider the burden of the request on the nonmoving party and the availability of the requested documents from other sources, also support Plaintiffs' request. The Court perceives no burden to Defendants from this limited discovery request, and Defendants have not responded to identify any such burdens themselves. As Plaintiffs explain,

they "ask EOIR only to produce the record it must eventually produce in this case," "the universe of responsive documents is likely small," and, in any event, the requested documents "are . . . available only from EOIR." ECF 69, at 11–12; *see also Courthouse News Serv.*, 2022 WL 3577255, at *5 (permitting expedited discovery where the requested information was "clearly relevant" yet "unavailable . . . from other sources").

Factors six and seven also cut in Plaintiffs' favor. As to the sixth factor, the Court finds that the request does not unreasonably expedite the discovery process. *See* ECF 69, at 12 (explaining that Plaintiffs request "production by November 25, 2026—sixteen days from the filing of this motion"); *see also, e.g. Blades of Green, Inc.*, 2022 WL 326473, at *11 (setting a ten day deadline for expedited discovery); *Abrego Garcia*, 348 F.R.D. at 594[5] (allowing five days between deadline for service of discovery requests and deadline for production where the discovery request could include "up to fifteen (15) interrogatories and fifteen (15) requests for production of documents."). Here Defendants will have six days from the date of this Order to produce the limited requested records and have been on notice for longer that this request may be forthcoming. Finally, the seventh factor supports expedited discovery since there is no motion to dismiss currently pending. *See ClearOne Advantage*, 2024 WL 278917, at *1 (explaining that "all factors cut in favor of expedited discovery" where "no motion to dismiss [was] pending").

Accordingly, for the foregoing reasons, it is this 19th day of November, 2026, ORDERED that:

(1) Plaintiffs' motion for expedited discovery, ECF 69, is GRANTED;

[5] Also available at *Abrego Garcia v. Noem*, Civ. No. PX-25-0951, ECF 79, at 7.

(2) Plaintiffs may serve their proposed Request for Production of Documents, ECF 69-1, on Defendants as soon as possible, and no later than 24 hours following the entry of this Order; AND

(3) Defendants are DIRECTED to produce the responsive documents by November 25, 2026.

/s/
Brendan A. Hurson
United States District Judge